UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mauro Flores,                                              Civil No. 16-1860 (ADM/FLN)

      Plaintiff,

v.                                                         **ORDER AND REPORT
                                                           AND RECOMMENDATION**

Kevin Moser et al.,

      Defendants.

_____

Mauro Flores, *pro se*, for Plaintiff.
William Young for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motion to dismiss (ECF No. 8) and Plaintiff Mauro Flores's motions to amend his Complaint (ECF No. 15) and to appoint counsel (ECF No. 16). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court orders that Flores's motion to amend his complaint is **MOOT**, and his motion to appoint counsel is **DENIED**. The Court also recommends that Defendants' motion be **DENIED as moot**.

Flores is a civilly committed detainee at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. Compl., ECF No. 1. Flores filed his Complaint under 42 U.S.C. § 1983 on June 6, 2016, alleging that MSOP employee-Defendants Kevin Moser, Terry Kniesel, Peter Puffer, Courtney Menten, and Paul Mayfield violated his due process rights by placing him in a behavioral isolation unit for over two weeks without a hearing. *Id.* ¶¶ 11–15. Flores seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id.* at 4–5.

On September 26, 2016, Flores filed a motion to amend his complaint admitting that his

initial complaint is "insufficient to support claims of unconstitutional punishment; unlawful restraint of liberty; [d]enial of the Plaintiff's religious rights; failure to protect [P]laintiff from foreseeable harm, [sic] deliberate indifferent [sic] to serious medical needs, and failure to supervise MSOP employees." Pl.'s Mot. to Amend, ECF No. 15. Flores acknowledged his understanding that he has a right to amend his pleading once as a matter of course pursuant to Federal Rule of Civil Procedure 15 and attached as an exhibit a document entitled "First Amended Complaint." *Id.* Magistrate Judge Mayeron held that "plaintiff had the right to file an amended complaint as a matter of course on or before September 28, 2016," and then ordered Flores to serve and file his amended complaint pursuant to Local Rule 15.1(a) on or before November 16, 2016. Mem. Op. & Order, ECF No. 25.[1] However, on September 26, 2016, the same date Flores filed his motion, he informed the Court that he had mailed and filed his only copy of his proposed amended complaint. Notice, ECF No. 20. Defendants filed a letter on November 23, 2016, indicating that they had never been formally served with Flores's amended complaint.

Flores filed his amended complaint on September 26, 2016, within the window to amend as a matter of course and electronically filed on that same day, a document entitled First Amended Complaint, which is available to Defendants. ECF No. 15. He also informed the Court that the document was the only copy he possessed. ECF No. 20. *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). The Court concludes that the First Amended Complaint Flores filed on September 26, 2016,

---

[1] Local Rule 15.1(a) states in full, "Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading." Dist. Minn. L. R. 15.1(a).

substantially satisfies the Court's Order. Flores's motion to amend his complaint is moot as he is entitled to file as a matter of course and has already done so. Because Flores has filed an amended complaint as a matter of course, Defendants' motion to dismiss his initial complaint is moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (holding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot). Defendants may file a renewed motion to dismiss should they believe that the amended complaint continues to suffer from the alleged deficiencies highlighted in their brief.

The Court additionally concludes that the interests of justice do not require that counsel be appointed for Flores. There is no constitutional or statutory right for an indigent party to have counsel appointed in a civil case. *See Watson v. Moss*, 619 F.2d 775, 775 (8th Cir. 1980). Rather, the appointment of counsel is a matter committed to the discretion of the trial court. *See Ahmed v. Fenesis*, No. 05-2388, 2006 WL 2604677, at *1 (D. Minn. Sept. 7, 2006) (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). In considering a motion to appoint counsel, "[t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). In this case, the Court finds that neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. Flores, through his previous submissions to the Court, has demonstrated his ability to investigate the legal and factual bases of his claims and the Court does not conclude that appointment of counsel would substantially benefit both Flores and the Court.

Based upon all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED**

that Flores's motion to amend his complaint (ECF No. 15) is **MOOT**, as Flores has already amended his complaint as a matter of course, and his motion to appoint counsel (ECF No. 16) is **DENIED**. Additionally, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss (ECF No. 8) be **DENIED as moot**.

DATED: March 8, 2017                  *s/Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).