# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mauro Flores,

       Plaintiff,

            v.

Kevin Moser, Terry Kneisel, Peter
Puffer, Courtney Menten, Paul
Mayfield, and Shelby Richardson,

       Defendants.

**ORDER**
Civil No. 16-1860 ADM/KMM

_____

Mauro Flores, *Pro Se*.

_____

## I.  INTRODUCTION

      This matter is before the undersigned United States District Judge for a ruling on Plaintiff

Mauro Flores' ("Flores") Objections [Docket No. 47] to Magistrate Judge Katherine Menendez's

January 7, 2019 Report and Recommendation [Docket No. 43] ("R&R").  In the R&R, Judge

Menendez recommends granting Defendants' Motion to Dismiss [Docket No. 33].  The Court

received Flores' Objections on January 29, 2019, after having issued an Order Adopting the

R&R [Docket No. 45] on January 25, 2019 and entering Judgment [Docket No. 46] for

Defendants on January 29, 2019.  The Court will consider Flores' Objections to be timely and

has reviewed them on their merits.[1]  For the reasons stated below, Flores' Objections are

overruled, the Order Adopting the R&R is amended to specify that Flores' federal claims are

---

     [1]. Local Rule 72.2(b)(1) provides that "a party may file and serve specific written
objections to a magistrate judge's proposed finding and recommendations within 14 days after
being served a copy."  Flores deposited his Objections in the MSOP facility's mail system on
January 23, 2019, 16 days after a copy of the R&R was mailed to him.  <u>See</u> Certif. Serv. [Docket
No. 47, Attach. 1].

dismissed with prejudice, and the Judgment is also amended to specify that Flores' federal claims are dismissed with prejudice.

## II. BACKGROUND

The background is set forth in the R&R and is incorporated by reference. Briefly, Flores is a civilly committed detainee at the Minnesota Sex Offender Program in Moose Lake, Minnesota ("MSOP"). Am. Compl. [Docket No. 15, Attach. 1] ¶ 3. Defendants are MSOP employees. Id. ¶¶ 4–9. Flores filed this lawsuit alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 and asserting supplemental tort claims under state law. Flores alleges that Defendants violated the First and Fourteenth Amendment of the U.S. Constitution by placing him in a small behavioral unit that holds no more than 4 people, not permitting him to leave the unit for over three weeks, not holding a hearing on his placement, and denying him the right to practice his religion. Id. ¶¶12–37.

On September 7, 2016, Defendants filed a motion to dismiss Flores' original complaint. Mot. Dism. [Docket No. 8]. Flores filed a response in opposition and sought leave to amend the complaint. Pl.'s Resp. [Docket No. 18]; Mot. Leave Amend [Docket No. 15]. Flores was permitted to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), and Defendants' September 2016 motion to dismiss was denied as moot.

Flores' Amended Complaint asserts federal claims for violation of his right to substantive and procedural due process (Counts I and II), violation of his right to free exercise of religion (Count III), deliberate indifference to his medical needs (Count IV), failure to protect from foreseeable harm (Count V), and failure to train and supervise employees (Count VI). Flores also asserts state law claims for intentional and negligent infliction of emotional distress (Counts

VII and VIII). Id. ¶¶ 38–43.

On March 22, 2017, Defendants filed this motion to dismiss the Amended Complaint. Defendants argued in part that Flores had not alleged sufficient facts to state a plausible claim for violations of the U.S. Constitution. For example, the Amended Complaint's Free Exercise claim does not identify his religion or specify how Flores was denied reasonable opportunities to exercise his religion. The deliberate indifference claim states that Defendants failed to provide Flores with "adequate mental health care," but does not allege any facts indicating that Defendants prevented him from receiving treatment. Def.'s Mem. Supp. Mot. Dism. [Docket No. 36] at 16 (quoting Am. Compl. ¶ 30). The failure to protect claim does not allege any involvement by Defendants in any unconstitutional act. Id. at 16. Flores did not respond to the Motion and did not move to amend the Amended Complaint.

On June 30, 2017, three months after Defendants' second motion to dismiss was filed but before any decision was issued, this case was stayed pending further proceedings in the related case of Karsjens v. Piper, Civ. No. 11-3659 (DWF/TNL) (D. Minn.). See Stay Order [Docket No. 40]. The stay was lifted on October 22, 2018. See Order Lifting Stay [Docket No. 42].

On January 7, 2019, Judge Menendez issued the R&R recommending that Defendants' motion be granted and the Amended Complaint be dismissed. The R&R recommended dismissing all claims and specified that the state law claims should be dismissed without prejudice. After waiting 18 days with no objections to the R&R, the R&R was adopted and Judgment was entered for Defendants. Hours after entering the Judgment, the Court received Flores' Objections. The Court now considers the Objections to determine whether they warrant amending or vacating the Order Adopting the R&R or the Judgment.

# III. DISCUSSION

## A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. L.R. 72.2(b)(1). In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>

## B. Flores' Objections

### 1. Dismissal of State Law Supplemental Claims

Flores objects to the recommended dismissal of his state law claims. Obj. at 4 ("Point III"). He argues that even if no federal claims remain in this case, the Court should nevertheless exercise supplemental jurisdiction over his state law claims. Flores contends that Minnesota state courts have been "extremely prejudicial" against MSOP clients, and speculates that the alleged prejudice "is most likely due to the fact that judges in the state court system are elected and are in fear of their reelection if they do decide to side with the clients in the MSOP." Obj. at 4. The Court rejects this purely speculative argument and adopts the R&R's conclusion that, given the early stage of this case, the state law claims should be dismissed if no federal claims remain.

### 2. Procedural Due Process

Flores argues that the R&R erroneously applied the standard from <u>Sandin v. Conner</u>, 515

U.S. 472 (1995) to his due process claims.[2]  Obj. at 5–6 ("Point IV").  Flores contends the

Sandin standard does not apply to civilly committed individuals.  The Court disagrees.

"A due process claim is cognizable only if there is a recognized liberty or property

interest at stake."  Beaulieu v. Ludeman, 690 F.3d 1017, 1047 (8th Cir. 2012) (quoting Ragan v.

Lynch, 113 F.3d 875, 876 (8th Cir.1997)).  In determining whether an official action has

deprived a confined person of a protected liberty interest, the Sandin standard requires the court

to inquire whether the official action imposed an "atypical and significant hardship on the

[confined person] in relation to the ordinary incidents of [confined] life."  Wilkinson v. Austin,

545 U.S. 209, 223 (2005) (quoting Sandin, 515 U.S. at 484).  As the R&R recognized, civilly

committed persons are "entitled to more considerate treatment and conditions of confinement

than prisoners," but a civilly committed person's liberty interests are "considerably less than

those held by members of free society."  R&R at 14 (quoting Senty-Haugen v. Goodno, 462 F.3d

876, 886 (8th Cir. 2006).

Applying the Sandin standard to the facts alleged by Flores, the R&R properly concluded

that Flores' placement in the small behavioral unit based on his disciplinary classification did not

impose a significant and unusual hardship in relation to "the ordinary incidents of life at a secure

facility like the one operated by MSOP."  R&R at 14–15.  Thus, Flores' liberty interests were not

implicated by his placement in the unit.  Id. at 15.

### 3.  Substantive Due Process

Flores argues that the R&R applied the wrong standard to his substantive due process

---

[2] Flores argues the R&R applied Sandin to his substantive due process claims, but the
R&R's citation to Sandin is in the analysis of Flores' procedural due process claims.  See R&R
at 13–14.

claims.  Obj. at 6–8 ("Point V").  To plead a claim for substantive due process, a plaintiff must allege facts showing the defendant's actions were "conscious shocking and violated a "fundamental liberty interest."  See Karsjens v. Piper, 845 F.3d 394, 408 (8th Cir. 2017) (specifying standard for substantive due process claim).  The R&R correctly applied this standard and concluded that Flores has not alleged conduct by Defendants that shocked the conscience.

### 4.  Official Capacity Damage Claims

The R&R recommends dismissal of all claims for damages against Defendants in their official capacities.  Flores argues that this recommendation should be reversed or stricken because he did not plead official capacity damages claims.  Obj. at 8 ("Point VI")..

The R&R correctly noted that the Eleventh Amendment bars recovery of damages under 42 U.S.C. § 1983 against a state officer in his or her official capacity.  R&R at 8 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Amended Complaint states that "[e]ach defendant is sued individually and in his or her official capacity," and seeks damages against "each defendant jointly and severally."  Am. Compl. ¶¶ 10, 48–49.  Thus, the R&R correctly recommended that any federal constitutional claims for damages against Defendants in their official capacities be dismissed.

### 5.  Deliberate Indifference to Medical Needs

Flores argues that the R&R applied the incorrect standard to his claims for inadequate medical care.  Obj. at 8–10 ("Point VII").  This argument fails because the R&R applied the deliberate indifference standard, which is the controlling standard in the Eighth Circuit.  See Mead v. Palmer, 794 F.3d 932, 936 (8th Cir. 2015) ("Where a civilly-committed patient's

Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment.").  The deliberate indifference standard requires a plaintiff to prove that:  "(1) he suffered from objectively serious medical needs, and (2) the defendants actually knew of, but deliberately disregarded, those needs."  Id.

The R&R appropriately concluded that Flores' vague allegations about a lack of adequate mental health services were insufficient to state a claim for deliberate indifference to a serious medical need.  The Amended Complaint does not allege that any particular defendant was directly and personally involved in the alleged constitutional violation, and also does not allege facts from which the Court could infer that any of the Defendants knew of a particular serious medical need but deliberately disregarded it.

### 6.  Claims Not Specifically Raised

The R&R construed the Amended Complaint to potentially assert claims for excessive force and equal protection.  R&R at 19–22.  The R&R noted that although the claims were not expressly asserted in the Amended Complaint, an Affidavit by Flores filed in conjunction with the Amended Complaint asserts that MSOP staff used "excessive force" causing him "bodily harm," and that he was treated differently from other MSOP detainees based on his Latino ethnicity or Mexican nationality.  R&R at 19–20 (citing Flores Aff. [Docket No. 19] ¶¶ 6, 11, 16, 17).  Flores argues that he "was not intending to file any claims against Defendants for excessive force nor equal protection," and that the assertions in his Affidavit were merely "examples of what some of the behaviors are."  Obj. at 10 ("Point VIII").  Flores thus requests that any claims against Defendants for excessive force or equal protection be dismissed without prejudice to refiling those claims.

The R&R recommends dismissal of excessive force and equal protection claims only to the extent that such claims were alleged. Flores has now clarified that he did not allege claims for excessive force and equal protection. No correction or modification to the R&R is necessary regarding these unraised claims.

### 7. Leave to Amend or Dismissal Without Prejudice

Flores argues that he should be allowed to amend the Amended Complaint "one last time" or, alternatively, that the Amended Complaint should be dismissed without prejudice to refiling. Obj. at 11 ("Point IX"). Flores does not articulate what amendments he seeks to add. He states that he plans to file a motion to amend the Amended Complaint, but he has not done so. Id. at 11 n.2.

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend the complaint be given freely if justice so requires. Fed. R. Civ. P. 15(a). However, a court has discretion to deny leave to amend under any of the following circumstances: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Flores has already amended his Complaint once in response to Defendants' September 2016 motion to dismiss. Flores did not respond to Defendants' March 2017 motion to dismiss, and he did not seek to amend the Amended Complaint at any time before the R&R was issued, even though Defendants' March 2017 motion to dismiss put Flores on notice that the Amended Complaint might lack sufficient factual allegations to state plausible claims for relief. Because Flores made no effort to oppose Defendants' March 2017 motion until after the R&R had been

issued, permitting Flores to now amend the Amended Complaint will result in undue delay and prejudice to Defendants.

Additionally, Flores gives no indication that he will be able to cure the deficiencies in the Amended Complaint. He does not identify what, if any, additional facts he would allege that would be sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Based on Flores' pleadings thus far, it appears that a second amended complaint would be futile. Although the Court recognizes Flores' pro se status and lack of legal expertise, justice does not require leave to once again amend the Complaint. For the same reasons, Flores' alternative request that the Amended Complaint be dismissed without prejudice to refiling is also denied.

### 8. Amendment to Order Adopting R&R

The Order Adopting the R&R is amended to specify that Flores' federal claims are dismissed with prejudice. The Judgment will be amended to reflect this ruling.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Flores' Objections [Docket No. 47] are **OVERRULED**;

2.   Flores' request for leave to amend the Amended Complaint is **DENIED**; and

3.   The Order Adopting the R&R [Docket No. 45] is **AMENDED** to specify that Flores' First through Sixth Causes of Action are **DISMISSED WITH PREJUDICE**, and his Seventh and Eighth Causes of Action are **DISMISSED WITHOUT PREJUDICE.**

**LET AMENDED JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 7, 2019.